UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OVERLOOK AT WILLIAMS CREEK ASSOCIATION, INC., | ) ) ) | |
| *Plaintiff,* | ) ) | No. 1:21-cv-01790-JMS-DLP |
| *vs.* | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| *Defendant.* | ) | |

### ORDER

Defendant removed this matter to this Court on the basis of diversity jurisdiction, and Plaintiff has filed a Statement pursuant to Local Rule 81-1 in which it agreed with the jurisdictional allegations in the Notice of Removal. Defendant subsequently filed an Amended Notice of Removal and Plaintiff filed an Amended Complaint in which it alleges that this Court has diversity jurisdiction over this matter. The Court notes that Plaintiff has not filed an 81-1 Statement addressing the jurisdictional allegations in the Amended Notice of Removal, and that Plaintiff has not properly set forth a basis for the Court's jurisdiction in the Amended Complaint. Specifically, the Court notes the following issues with Plaintiff's jurisdictional allegations:

- Plaintiff has not properly alleged the citizenship of a mutual insurance company. The citizenship of a mutual insurance company turns on the corporate form it is considered to be by applicable state law. *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 551 (7th Cir. 1988) (noting that Texas law rendered Texas mutual insurance company an unincorporated association while Minnesota law rendered Minnesota mutual insurance company a corporation). Plaintiff must indicate whether Defendant is a mutual insurance company and, if so, must adequately allege its citizenship. If it is considered a corporation under applicable state law, it must provide its place of incorporation and the location of its principal place of business. 28 U.S.C. § 1332(c)(1). If it is considered an unincorporated association, it must provide the citizenship of each of its members, traced down to the lowest layer. *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003).

- 1 -

- Plaintiff does not properly allege the amount in controversy. The amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The "exclusive of interest and costs" language must be included in the amount in controversy allegation.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Accordingly, in order for the Court to determine whether it has diversity jurisdiction over this matter, the parties are **ORDERED** to conduct whatever investigation is necessary and file a Joint Jurisdictional Statement by **November 12, 2021**, properly setting forth the basis for this Court's jurisdiction. If agreement cannot be reached on the contents of a Joint Jurisdictional Statement, competing statements must be filed by that date.

Date: 10/21/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

- 2 -